OLIVER PORTER, RESPONDENT, *v.* AUGUSTUS W. KINGSBURY AND ANOTHER, APPELLANTS.

5h 597
70 AD 437

*Complaint in action on undertaking — when defective — Code, § 348 — notice required by.*

Where the complaint, in an action brought upon an undertaking given in pursuance of section 348 of the Code, fails to allege the service of a notice of the entry of the judgment of affirmance upon the adverse party ten days previous to the commencement of the action, it is defective; and a demurrer thereto, on the ground that it fails to state a cause of action, should be sustained.

APPEAL from an order made at the Special Term, overruling a demurrer to the complaint.

The action was brought against the defendants, as sureties upon an undertaking given upon an appeal to the General Term. The

General Term reversed the judgment, but upon a further appeal to the Court of Appeals the judgment at the General Term was reversed, and that at the Circuit affirmed. The complaint in this action alleged that judgment had been entered upon the filing of the remittitur, and that an execution issued thereon had been returned unsatisfied. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*M. M. Waters*, for the appellant.

*O. Pórter*, for the respondent.

PER CURIAM:

We have no doubt that the commencement of such an action as this, before the lapse of the ten days after notice (Code, § 348), is fatal to the recovery. The only question here, however, is one of pleading: whether the plaintiff must aver the notice and the lapse of ten days in his complaint. The liability of the defendants, in one sense, is perfected and fixed by the judgment in the appellate court. Only the time of commencing the action is restricted by this statutory provision. Under the old system, it would probably have been necessary to aver the notice and the lapse of ten days. And the present case seems to depend on the question whether section 162, in its language or spirit, makes such an averment unnecessary. That section allows a party, instead of pleading the facts showing a performance of conditions precedent, to aver such performance generally. It also allows him to sue on an instrument for the payment of money only, by merely giving a copy, and stating the amount due thereon. Probably, in accurate language, this undertaking is not an instrument for the payment of money only; nor this statutory restriction a condition precedent. At any rate this restriction does not appear in the instrument. A general averment of performance could not therefore be reasonably taken to include an averment of the service of the notice, and of the lapse of the ten days. Further, it is just to the defendant that he should know whether the plaintiff relies upon the actual service of such notice or a waiver of such service, etc., or whether he claims

that the notice is unnecessary. This last was a position taken on the present argument. The defendant should thus be notified, so that he may be ready to disprove, if he can, the alleged notice, or the alleged waiver, etc.

On the whole it is more fair to the parties, that the notice and lapse of time should be set forth in the complaint. And the order overruling the demurrer must be reversed, with costs, and the demurrer sustained, etc., with leave, etc.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Ordered accordingly.